## UNITED STATES v. THIBAULT.

### No. 172.

Circuit Court of Appeals, Second Circuit.
Jan. 5, 1931.

Evarts & Perkins, of Windsor, Vt. (Selden Bacon and Daniel F. Cohalan, both of New York City, and Jeremiah M. Evarts, of Windsor, Vt., of counsel), for appellant.

Harry B. Amey, U. S. Atty., of Burlington, Vt.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellant was convicted by a jury of a violation of the National Prohibition Act, as amended by the Jones Law (section 12, title 27, U. S. Code [27 USCA § 12]). On this appeal, he seeks only to review the validity of the adoption of the Eighteenth Amendment to the Constitution, which provides:

"Section 1. After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

"Section 2. The Congress and the several States shall have concurrent power to enforce this article by appropriate legislation.

"Section 3. This article shall be inoperative unless it shall have been ratified as an amendment to the Constitution by the legislatures of the several States, as provided in the Constitution, within seven years from the date of the submission hereof to the States by the Congress."

Article 5 of the Constitution provides the method of proposing and ratifying amendments to the Constitution. It reads:

"The Congress, whenever two thirds of both Houses shall deem it necessary, shall propose Amendments to this Constitution, or, on the Application of the Legislatures of two thirds of the several States, shall call a Convention for proposing Amendments, which, in either Case, shall be valid to all Intents and Purposes, as Part of this Constitution, when ratified by the Legislatures of three fourths of the several States, or by Conventions in three fourths thereof, as the one or the other Mode of Ratification may be proposed by the Congress; Provided that no Amendment which may be made prior to the Year One thousand eight hundred and eight shall in any Manner affect the first and fourth Clauses in the Ninth Section of the first Article; and that no State, without its Consent, shall be deprived of its equal Suffrage in the Senate."

The Tenth Amendment of the Constitution provides:

"The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

It is argued that, after ratification of the Tenth Amendment, no amendment giving the national government additional power over the people or their rights can be adopted save by the people in convention. The Eighteenth Amendment was ratified by the Legislatures of three-fourths of the several states.

The fifth article of the Constitution contemplated, by its phrase, two modes of ratification: (1) By the Legislatures of three-fourths of the several states, and (2) by conventions in three-fourths thereof, as the one or the other mode of ratification may be proposed by the Congress. But it is argued that Congress never selected the one appropriate to the nature of the amendment promulgated by it. And it is said that, when the framers of the Constitution focused their work on future amendments of the document, they were confronted by its dual function as a chart to guide the new supergovernment.

Some of the personal rights obtained from the British crown, as well as the governmental powers possessed by the colonies, or states, as successors of the crown, had to be surrendered by them and bestowed upon the federal government to enable it to function nationally and internationally. As early as McCulloch v. Maryland, 4 Wheat. 316, 403, 4 L. Ed. 579, the Supreme Court pointed out that the Constitution of the United States was ordained by the people, and, when duly ratified, it became the Constitution of the people of the United States, and that the states surrendered to the general government powers specifically conferred upon the nation; that the Constitution and laws of the United States were supreme. The Supreme Court said, in Hawke v. Smith, 253 U. S. 221, 226, 40 S. Ct. 495, 497, 64 L. Ed. 871, 10 A. L. R. 1504:

"The framers of the Constitution realized that it might in the progress of time and the development of new conditions require changes, and they intended to provide an orderly manner in which these could be accomplished; to that end they adopted the fifth article.

"This article makes provision for the proposal of amendments either by two-thirds of both houses of Congress, or on application of the Legislatures of two-thirds of the states; thus securing deliberation and consideration before any change can be proposed. The proposed change can only become effective by the ratification of the Legislatures of three-fourths of the states, or by conventions in a like number of states. The method of ratification is left to the choice of Congress. Both methods of ratification, by Legislatures or conventions, call for action by deliberative assemblages representative of the people, which it was assumed would voice the will of the people.

"The fifth article is a grant of authority by the people to Congress. The determination of the method of ratification is the exercise of a national power specifically granted by the Constitution; that power is conferred upon Congress, and is limited to two methods, by action of the Legislatures of three-fourths of the states, or conventions in a like number of states. Dodge v. Woolsey, 18 How. 331, 348, 15 L. Ed. 401. The framers of the Constitution might have adopted a different method. Ratification might have been left to a vote of the people, or to some authority of government other than that selected. The language of the article is plain, and admits of no doubt in its interpretation. It is not the function of courts or legislative bodies, national or state, to alter the method which the Constitution has fixed.

"All of the amendments to the Constitution have been submitted with a requirement for legislative ratification; by this method all of them have been adopted."

In the National Prohibition Cases, 253 U. S. 350, 386, 40 S. Ct. 486, 588, 64 L. Ed. 946, the Supreme Court squarely held that the Eighteenth Amendment, prohibiting the manufacture, sale, transportation, importa-

tion, and exportation of intoxicating liquors for beverage purposes, was within the power to amend as reserved by the fifth article of the Constitution; that the amendment had been lawfully proposed, and ratified and had become a part of the Constitution, and must be respected and given effect the same as other provisions of that instrument. And in Leser v. Garnett, 258 U. S. 130, 137, 42 S. Ct. 217, 66 L. Ed. 505, where the contention was raised that in several of the states ratifications by Legislatures were illegal, the court said:

"But the function of a state Legislature in ratifying a proposed amendment to the federal Constitution, like the function of Congress in proposing the amendment, is a federal function derived from the federal Constitution; and it transcends any limitations sought to be imposed by the people of a state."

But it was not within the amending power to deprive any state, without its own consent, of any rights of self-government which it did not cede to the United States by the Constitution or which the Constitution did not prohibit it from exercising after the Tenth Amendment. The power of amending the Constitution was intended to apply to amendments which would modify the mode of carrying into effect the original provisions and powers of the Constitution. There was a reservation to the several states of all the powers of government which they had not granted to the national government by the Constitution or which the Constitution had not prohibited them from exercising. Every state remained a self-governing political community in respect of its own inhabitants, in every relation where those inhabitants are not by the Constitution placed under the authority of the national government. What is retained by the states as "rights, privileges and powers" constitutes the state sovereignty, and the people of every state of the several states of the Union have under their control entirely every relation of their inhabitants, that is not under the control of the United States by reason of some provision of the Federal Constitution. With these domestic relations, the state's inhabitants can deal as they see fit. If it is proposed to delegate further powers to the national government, article 5 intends the delegation, if amendment be made, of some federal function. But the Tenth Amendment does not alter the fifth article. The fifth article directs the manner in which proposed amendments shall be submitted to the states. The representa-

tives of the people determine whether the amendment shall be adopted and this is entirely consonant with popular government. No authority is taken away from the people, for the people elect their representatives in the state Legislatures as well as the members of their constitutional conventions. The national government is not concerned in the control or the method whereby the elections of members of the Legislatures or members of the constitutional convention may be conducted.

There has been a long acquiescence and approval of the method of proposing and ratifying amendments as followed in the case of the Eighteenth Amendment. The Constitution was adopted in 1789. The first ten Amendments were adopted in 1791; the Eleventh Amendment on January 8, 1798; the Twelfth Amendment on September 25, 1804; the Thirteenth Amendment on December 18, 1865; the Fourteenth on July 28, 1868; the Fifteenth on March 30, 1870; the Sixteenth on February 25, 1913; the Seventeenth on May 31, 1913; and the Nineteenth on August 26, 1920. All, even the first ten, were proposed and ratified in like manner to the Eighteenth. Pursuant to article 5, the alternative power rested in the people, to be exercised by a choice of members of the Legislatures of the several states or the constitutional conventions and by the choice of representatives in Congress.

In National Prohibition Cases, supra, Honorable Elihu Root raised in his brief before the Supreme Court the question whether an unrestricted power of amendment was vested "in Congress and three-fourths of the State legislatures" by article 5 of the Constitution. His statement (reported at pages 364 and 365) in 253 U. S. (40 S. Ct. 486, 588) was: "The people could by appropriate proceedings amend the Constitution so as to impair such vital rights as freedom of religion, but it is inconceivable that any such unlimited power has been delegated to the amending agents, who may represent but a minority of the people." He further said (page 365 of 253 U. S., 40 S. Ct. 486, 588): "If, as contended by the defendants, the power of amendment vested in Congress and three-fourths of the state legislatures be absolute and unrestricted, then there would be no limitation whatever upon their legislative authority. * * * We are not at liberty to assume that in and by Article 5 it was contemplated that they were vesting legislative power without limitation in the Congress and the legislatures of three-quarters of the

States." This argument must have been held insufficient to invalidate the Eighteenth Amendment before the Supreme Court could conclude as it did in the National Prohibition Cases, at page 386 of 253 U. S. (40 S. Ct. 486, 488, 588), that the "amendment, by lawful proposal and ratification, has become a part of the Constitution."

After the foregoing decision, it is impossible to maintain that, because of any undelegated power to control amendments remaining in the people, the method of adopting the Eighteenth Amendment was not within the powers delegated under article 5 of the Constitution. The Tenth Amendment could have no application to article 5, because the former only reserved "powers not delegated to the United States" and the power to choose the "method of ratification [had been] left to the choice of Congress." Hawke v. Smith, 253 U. S. at page 226, 40 S. Ct. 495, 497, 64 L. Ed. 871, 10 A. L. R. 1504.

Appellant says that the words "to the people" in the Tenth Amendment which provide that "the powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people," refer to the power to amend the Constitution, and that the people had never delegated that power to the United States. But they had delegated to Congress the power to propose and to choose the mode of adoption of amendments. The Tenth Amendment contained a reservation "to the people" as well as "to the States" of powers not delegated because "the people" themselves were thought to have retained special powers, in view of the fact that the governments of the states existed under written constitutions which limited from the beginning the exercise by the states of complete sovereignty. Powers which the states might not exercise as against their own citizens were properly called in the Tenth Amendment powers of the "people" as distinguished from those of the states, and such powers of the "people" were reserved to them when not "delegated to the United States." The Tenth Amendment embodied a rule of construction affecting the Constitution as it stood and all the preceding amendments, but it had no bearing on the power to choose the method of adoption of amendments already delegated to Congress by article 5. There is nothing anywhere to indicate that the "powers * * * reserved * * * to the people" could not thereafter be delegated to the United States through amendments to the Constitution adopted in either way provided in article 5. Indeed, appellant's argument concedes that amendments through constitutional conventions would be sufficient and stops short of the contention that fundamental rights cannot be abridged by any form of amendment. The words "reserved * * * to the people" cannot be regarded as a limitation upon the choice of modes of amendment afforded by article 5.

If it is the will of the people to change by amendment the Constitution, the method provided in article 5 was effective even after the passage of the Tenth Amendment. The Supreme Court cases referred to are authoritative and binding upon us. It follows that the defense interposed of unlawful ratification of the Eighteenth Amendment is without merit.

The judgment of conviction is affirmed.